United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, Series 44, LLC, and others, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 23-22775-Civ-Scola |
| USAA Casualty Insurance Company and USAA General Indemnity Company, Defendants. | ) ) ) ) |

### Order Granting Motion to Remand

The Plaintiffs in this case, MSP Recovery Claims, Series 44, LLC; MSP Recovery Claims, Series LLC; and MSPA Claims I, LLC (collectively the "Recovery Companies"), on their own behalf and on behalf of all others, similarly situated in Florida (collectively the "Class"), are assignees of various health-benefit providers ("Secondary Payors") and claim they may be entitled to reimbursement from the Defendants, USAA Casualty Insurance Company and USAA General Indemnity Company (together "USAA"). To that end, the Recovery Companies initiated a case in state court, seeking declaratory relief (count one) and a pure bill of discovery (count two) regarding their putative claims. (2nd Am. Compl. ("Compl."), ECF No. 1-2.) USAA thereafter removed this case, relying on both the Class Action Fairness Act as well as federal-question jurisdiction. (Defs.' Rem. Not., ECF No. 1.) The Recovery Companies now argue that their case should be remanded back to state court because this action does not (1) satisfy the amount-in-controversy threshold or (2) present a federal question. (Pls.' Mot., ECF No. 10.) USAA has responded (Defs.' Resp., ECF No. 12), the Recovery Companies have timely replied (Pls.' Reply, ECF No. 17), and the matter is now ripe for the Court's review. After considering the briefing, the record, and the relevant legal authorities, the Court **grants** the Recovery Companies' motion (**ECF No. 10**) and **remands** this case back to state court.

1. **Background**

Various Secondary Payors, including Medicaid Managed Care Organizations and Medicare Advantage Organizations, made payments on behalf of their enrollees (also referred to as "Members") for medical expenses those enrollees incurred as a result of car accidents or other incidents. (Compl. ¶ 2.) Some of those Secondary Payors assigned collection rights they might have, by way of those payments, to the Recovery Companies. (*Id.*) The Recovery Companies believe they are entitled to reimbursement from USAA for those medical-expense payments, having sent USAA "over 800 reimbursement

demands" and having "filed 157 Civil Remedy Notices" in an attempt "to resolve these reimbursement demands," all "to no avail." (Compl. ¶ 47.)

The Recovery Companies complain that USAA, in rejecting their demands and notices, refuses to coordinate benefits, withholding information about the enrollees' USAA coverage and whether USAA has previously directly reimbursed healthcare providers for the enrollees' medical expenses. (Compl. ¶ 2.) The Recovery Companies also submit that USAA improperly insists that the Recovery Companies must comply with various Florida statutory provisions, and jump through other administrative hoops, before USAA would be required to reimburse them. (*Id.* ¶¶ 3–4.) In addition to the past demands, the Recovery Companies describe this as an ongoing bona fide present controversy that they expect will "persist and have continued consequences on future claims." (*Id.* ¶¶ 4, 51.) In addition to seeking a pure bill of discovery, aimed at obtaining information related to USAA's insureds, the Recovery Companies, on their own behalf and on behalf of the putative Class, also ask the Court to declare the following:

   a. the USAA Defendants must determine whether their insureds are also Members covered by Secondary Payors, and if so, then, the USAA Defendants must coordinate benefits with Secondary Payors;

   b. the USAA Defendants must alert Secondary Payors of their primary obligations pursuant to Fla. Stat. § 627.736(4) as well as other statutes and regulations;

   c. Unlike Healthcare Providers lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection ("PIP") insurance, Secondary Payors are not required to submit a demand for reimbursement on a properly completed 1500 Claim Form, UB 92 Form, or any other standard form under Fla. Stat. § 627.736(5)(d); and

   d. Secondary Payors are not required to comply with strict requirements of Fla. Stat. § 627.736(10), when seeking reimbursement demand and that:

      i. the USAA Defendants must notify the Secondary Payors of the name of the insured upon which such benefits are primary;

      ii. Secondary Payors are not required to provide a standard "assignment" typically given to providers by insureds; and

      iii. the USAA Defendants must notify the Secondar Payors of the claim number or policy number upon which such claim was originally submitted to the USAA Defendants.

(Compl. ¶ 7.)

Although the Recovery Companies initiated this case in state court in 2018, it was not until they filed their second amended complaint, in July 2023, that, according to USAA, their case became removable. (Defs.' Rem. Not. ¶ 11.) As USAA describes it, the "Second Amended Complaint both introduces a federal question and is an 'other paper' for purposes of establishing the amount in controversy." (*Id.* ¶¶ 11, 81.)

## 2. Legal Standard

CAFA grants subject-matter jurisdiction to federal district courts "over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members."[1] *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)–(6) and 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1756.2 (3d ed.2005)). Here, the parties' dispute centers around the second element—the amount in controversy.

"Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Florida Wellness*, 745 F.3d at 1315. The Eleventh Circuit has "held that for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Id.* at 1315–16 (cleaned up). In other words, courts will assess the value of declaratory relief as "the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *Id.* at 1316 (cleaned up). And, under CAFA, courts will "aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if declaratory relief were granted." *Id.* (citing 28 U.S.C. § 1332(d)(6)). In making this assessment, "the value of declaratory or injunctive relief must be sufficiently measurable and certain," as opposed to merely "speculative" or "immeasurable." *S. Florida Wellness*, 745 F.3d at 1316.

"For a district court to have federal question jurisdiction under 28 U.S.C. § 1331," on the other hand, "the plaintiff's complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief

---

[1] There are several exceptions to this broad grant of jurisdiction, none of which are at issue in this case. *See S. Florida Wellness*, 745 F.3d at 1315 (citing 28 U.S.C. § 1332(d)(3)-(4)) (noting the inapplicability of the exceptions to a case with facts similar to this one).

necessarily depends on resolution of a substantial question of federal law." *Welch v. Atmore Cmty. Hosp.*, 704 F. App'x 813, 816 (11th Cir. 2017) (cleaned up). To determine whether federal question jurisdiction exists, courts "must review the complaint to determine what law, state or federal, created any of the plaintiffs' claims for relief." *Hansard v. Forsyth Cnty., GA*, 191 F. App'x 844, 846 (11th Cir. 2006) (cleaned up). Where a complaint asserts claims under state statutes and raises no issues that necessarily depend on the resolution of a substantial question of federal law, the court should remand. *Id.* (affirming remand where plaintiff brought only Georgia state law claims and observing that the "complaint was brought under a state statute, and a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby") (cleaned up).

### 3. Analysis

The Recovery Companies argue this case should be remanded for two reasons: one, USAA fails to establish that this action meets § 1332(a)'s $5 million amount-in-controversy threshold; and two, USAA fails to establish federal-question jurisdiction. After review, the Court agrees on both fronts.

### A. The aggregate amount in controversy in this case does not exceed $5 million.

USAA insists it has met its burden of establishing the $5 million amount-in-controversy threshold. In support, it argues that a grant of the Recovery Companies' request for declaratory relief "would pave the way for Plaintiffs to try to recover over $56 million on just the demands they allege they already sent to Defendants," as listed in Exhibit A to their complaint. (Defs.' Resp. at 7.) USAA describes the Recovery Companies' declaratory-relief count as "essentially seek[ing] for this Court to validate the propriety of the reimbursement demands" and "effectively seek[ing] to have this Court declare that Defendants owe them on letters demanding in excess of $56 million." (Defs.' Resp. at 8–9.) The Court disagrees with USAA's characterization of the relief the Recovery Companies seek in their complaint.

At bottom, USAA fails to carry its burden of establishing support for its cursory conclusion that a victory for the Recovery Companies on their declaratory-relief claim would translate into a "judicial declaration that their reimbursement demands exceeding $56 million are valid." (Defs.' Resp. at 11.) Indeed, even USAA itself concedes that a win for the Recovery Companies would only "pave the way for Plaintiffs to *try* to recover" on their demand. (*Id.* at 7 (emphasis added).) More importantly still though, even if the Recovery Companies were "completely successful, and a declaratory judgment was entered stating that" USAA had to comply with the decrees the Recovery

Companies seek, "that does not necessarily mean that Defendant [would be] obligated to pay Plaintiff[s]" the amounts set forth the demand letters identified by USAA. *Amkin Mgmt., LLC v. Am. Home Assurance Co.*, 21-CV-20389-UU, 2021 WL 6750537, at *3 (S.D. Fla. May 3, 2021) (Ungaro, J.).

The first decree that the Recovery Companies seek lays bare the speculative nature of the demands USAA relies on. Through that decree, the Recovery Companies press the Court to declare that "the USAA Defendants must determine whether their insureds are also Members covered by Secondary Payors, and if so, then, the USAA Defendants must coordinate benefits with Secondary Payors." (Compl. ¶ 81.a.) Accordingly, before any of the demand letters USAA highlights could even begin to count towards the jurisdictional threshold, USAA, in response to this potential decree would first have to affirmatively determine that its corresponding insureds are actually "also Members covered by Secondary Payors." The declaration sought only requires USAA to make the determination; not to affirmatively decide that the identified Secondary Payor enrollees are in fact covered by USAA. That is, the Recovery Companies don't ask for a declaration that USAA is responsible for the amounts claimed in their "over 800 reimbursement demands" or "157 Civil Remedy Notices"—far from it. Instead, the decree they seek would require only that USAA determine *whether* their insureds are in fact also Members. Based on the contingent nature, then, of the claims, the Court has no way of concluding, with any degree of reasonable certainty, which demand letters or notices would even still be in controversy after USAA were to make this determination.

Other allegations in the Recovery Companies' complaint underscore the conjectural nature of the amount in controversy in this case. For example, the Recovery Companies allege that because USAA "deliberately withhold[s] important policy information," they are unable to preliminarily determine "whether the Members covered by Plaintiffs' Secondary Payors were also insured by the USAA Defendants" or even "whether the USAA Defendants [have already] paid or reimbursed Healthcare Providers for Plaintiff's Secondary Payors' Members' accident-related medical items and services." (Compl. ¶¶ 75, 76.) So if the viability of the Recovery Companies' demand letters, which are not even part of the complaint, hinges on *how* USAA answers those questions, rather than *if* USAA answers those questions, the Court cannot rely on those demands to ascertain a definitive amount in controversy without "indulging the kind of conjecture, speculation, or star gazing that [the Eleventh Circuit has] found inappropriate in analyzing the amount in controversy." *S. Florida Wellness*, 745 F.3d at 1316 (cleaned up). Ultimately, USAA's speculation, that a judgment in the Recovery Companies' favor with respect to the declaratory

relief they seek would result in a dispositive resolution of at least $56 million as requested in the demanded letters, is unsubstantiated.

Nor does USAA's reliance on the complaint's count for a pure bill of discovery salvage its position. Allegations within that count further reinforce the inchoate status of the amount in controversy. For example, the Recovery Companies acknowledge that, through this action, they "seek information that is . . . necessary to determine the proper parties against whom relief will and should be sought by subsequent legal action." (Compl. ¶ 86.) The Recovery Companies further opine that it's possible that USAA actually "made proper primary payment" and that, therefore, "the provider who treated the Member received double payment"—meaning that it is conceivably the providers, and not even USAA—who might be responsible for reimbursing the Recovery Companies. (*Id.* ¶ 87.) The Recovery Companies further allege that, through their complaint, they seek only "to confirm the proper defendant and the appropriate legal theory of relief." (*Id.* ¶ 90.) These allegations only further undermine USAA's reliance on the Recovery Companies' demand letters to support its position that the amount in controversy has been met: even within their own complaint, the Recovery Companies acknowledge that USAA may not even be the proper target of all their demand letters. Accordingly, the link between the dollar amounts sought in those letters and the actual Defendant in this case—USAA—is far too tenuous for the Court to conclude with any degree of certainty that the amount-in-controversy threshold has been met.[2]

### B. The complaint does not present a federal question.

USAA also submits that removal is supported by the Court's federal-question jurisdiction. According to USAA, the resolution of the Recovery Companies' claim for declaratory relief regarding USAA's purported obligations to coordinate benefits with Second Payors will necessarily depend on the construction of both the Medicare Secondary Payer Act as well as its implementing regulations. (Defs.' Rem. Not. at 15.) The Recovery Companies counter that there is no federal-question jurisdiction because the case presents "a quintessential local controversy," concerning only "the parties' rights and obligations under Florida state insurance law." (Pls.' Mot. at 11.) As the Recovery Companies describe it, the "sole controversy for which class

---

[2] For the first time in their reply, the Recovery Companies cite to *MSP Recovery Claims Series LLC v. Zurich Am. Ins. Co.*, 1:23-CV-22450-CMA, ECF No. 22 (S.D. Fla. Sep. 11, 2023) (Altonaga, C. J.), as further support for their position that USAA has not met the amount-in-controversy threshold. (Pls.' Reply at 2–4.) USAA, in turn, seeks leave to file a brief sur-reply to address what it perceives as a new argument being raised for the first time, in reply, by the Recovery Companies. (Defs.' Mot., ECF No. 18.) Because the Court does not rely on the *Zurich* order or any of the arguments that the Recovery Companies base on that order, in evaluating remand of this case, the Court denies USAA's request to file the sur-reply as moot.

certification was sought is one of policy language and [state] statutory construction" in light of *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314, 1317 (11th Cir. 2023). (Pls.' Mot. at 10.) After careful review of the complaint in this case, the Court agrees with the reasoning set forth in two recently issued orders from this district concerning the identical issue: *MSP Recovery Claims, Series LLC v. The Travelers Casualty Company*, 23-cv-23156, ECF No. 23, 9 (S.D. Fla. Nov. 8, 2023) (Altonaga, C. J.) and *MSP Recovery Claims, Series LLC v. Security National Insurance Company*, 23-cv-23194, ECF No. 28, 11–14 (S.D. Fla. Nov. 17, 2023) (Altman, J.). Adopting the reasoning set forth in those two orders, the Court finds that USAA has "not shown that Plaintiffs' claims 'really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law.'" *Travelers*, 23-cv-23156 at 14 (quoting *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

### 4. Conclusion

For the above reasons, the Court **grants** the Recovery Companies' motion for remand (**ECF No. 10**), **denies as moot** USAA's motion to file a sur-reply (**ECF No. 18**) and **remands** this case to state court. The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**.

Because the Court cannot consider USAA's motion to dismiss prior to assessing the jurisdictional issues, and because the Court concludes remand is warranted, the motion to dismiss (ECF No. 14) is held over for resolution by the state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") Accordingly, the Clerk is directed to **terminate** the motion to dismiss (**ECF No. 14**) as no longer pending before this Court and any other pending motions are **denied as moot**.

Finally, the Court denies the Recovery Companies' request for attorney's fees and cost under 28 U.S.C. § 1447(c). While the issuance of this order, along with others from this district, remanding similar cases, should make it clear to similarly situated defendants, going forward, that comparable actions are not properly removed, those orders were filed after USAA's removal here. Accordingly, the Court declines to conclude that USAA's removal was objectively unreasonable and therefore denies the Recovery Companies' motion

for fees and costs.

**Done and ordered** in Miami, Florida, on November 27, 2023.

_____
Robert N. Scola, Jr.
United States District Judge